**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
VINCENT PISCIOTTA,                          :
                                            :
            Petitioner,                     :        Civ. No. 21-15852 (RMB)
                                            :
      v.                                    :
                                            :
DAVID E. ORTIZ,                             :        **OPINION**
                                            :
            Respondent.                     :
_____:

BUMB, District Judge

## I.    INTRODUCTION

Petitioner, Vincent Pisciotta ("Petitioner" or "Pisciotta"), is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, this Court summarily dismisses the habeas petition.

## II.   BACKGROUND

In 2012, a jury convicted Petitioner of three counts of a four-count indictment in the United States District Court for the Western District of Missouri.  (*See* Mem. Supp. Pet., Dkt. No. 1-1 at 4.) Petitioner was convicted of arson, conspiracy to commit arson and use of fire to commit a federal felony offense. (*See id.*) Petitioner received a 240-month sentence. (*See id.*) *See also Pisciotta v. Harmon*, 748 F. App'x 634, 634 (5th Cir. 2019) (describing Petitioner's underlying criminal convictions). The United States Court of Appeals for the Eighth Circuit affirmed, and the United States Supreme Court denied Petitioner's request

for a writ of certiorari on direct appeal. *See United States v. Anderson*, 783 F.3d 727 (8th Cir. 2015), *cert. denied*, *Pisciotta v. United States*, 577 U.S. 872 (2015).

Petitioner then filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the Western District of Missouri. (*See* Dkt. No. 1-1 at 5.) *See also Pisciotta v. United States*, No. 15-1030, 2016 WL 4745186 (W.D. Mo. Sept. 12, 2016). The Western District of Missouri denied Petitioner's § 2255 motion. *See id.* The Eighth Circuit then denied a certificate of appealability, *see Pisciotta v. United States*, No. 16-3977, 2017 WL 5157748 (8th Cir. Mar. 1, 2017), and the United States Supreme Court denied Petitioner's request for a writ of certiorari. *See Pisciotta v. United States*, 138 S. Ct. 88 (2017).

Petitioner then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while incarcerated in Texas. (*See* Dkt. No. 1-1 at 5.) *See also Pisciotta v. Harmon*, No. 17-2797, 2018 WL 1721933 (N.D. Tex. Jan. 31, 2018), *report and recommendation adopted by*, 2018 WL 1718055 (N.D. Tex. Apr. 9, 2018). Petitioner raised several claims in that habeas petition, including asserting a double jeopardy violation "stemming from acts and Counts described as 'Arson' and 'Conspiracy to Commit Arson.'" *See Pisciotta*, 2018 WL 1721933, at *1. The Northern District of Texas determined that it lacked jurisdiction over Petitioner's § 2241 because "Petitioner fail[ed] to raise a claim that is based on a retroactively applicable Supreme Court decision that establishe[d] that the petitioner may have been convicted of a nonexistent offense." Pisciotta, 2018 WL 1721933, at *3. The United States Court of Appeals for the Fifth Circuit affirmed, *see Pisciotta*, 748 F. App'x 634, and the United States Supreme Court denied Petitioner's request for a writ of certiorari. *See Pisciotta v. Harmon*, 140 S. Ct. 91 (2019).

In August, 2021, now incarcerated in New Jersey, Petitioner filed this habeas petition in this Court. Petitioner raises one claim in his habeas petition, namely that his conviction on use of fire to commit a federal felony when he was also convicted of arson and conspiracy to commit arson violates the Double Jeopardy Clause of the Fifth Amendment. (*See* Dkt. No. 1 at 6.) Thus, Petitioner claims he is legally innocent of using fire to commit a federal felony.

III.     STANDARD FOR *SUA SPONTE* SCREENING OF HABEAS PETITION

With respect to screening the instant habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

IV.    DISCUSSION

"[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). "[A federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'"] *Bruce*, 868 F.3d at 178 (quoting 28 U.S.C. § 2255(e)) (additional citations omitted)). The Third Circuit

> permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. [*U.S. v.*] *Tyler*, 732 F.3d [241,] 246 [3d Cir. 2012] (quoting [*In re*] *Dorsainvil*, 119 F.3d [245,] 252 [ (3d Cir. 1997) ]). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id.* Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251.

*Bruce*, 868 F.3d at 180.

Petitioner states that the double jeopardy issue he raises is novel and that no court has had the opportunity to address the issue. (*See* Dkt. No. 1-1 at 9.) Thus, Petitioner comes forward with no argument that he is being detained for conduct that has been rendered non-criminal by *intervening precent* that has been made retroactive to cases on collateral review. Accordingly, this Court lacks jurisdiction over Petitioner's § 2241 habeas petition.

Petitioner alternatively seeks a writ de homine replegiando. (*See* Dkt. No. 1-1 at 13-14.) As defined by Black's Law Dictionary:

> "The writ *de homine replegiando* lies to replevy a man out of prison, or out of the custody of any private person, (in the same manner that chattels taken in distress may be replevied …) upon giving security to the sheriff that the man shall be forthcoming to answer any charge against him. And, if the person be conveyed out of the sheriff's jurisdiction, the sheriff may return that he is eloigned … upon which a process issues … to imprison the defendant himself, without bail … till he produces the party. But this writ is guarded with so many exceptions, that it is not an effectual remedy in numerous instances, especially where the crown is concerned." 3 William Blackstone, *Commentaries on the Laws of England* 129 (1768).

Black's Law Dictionary (11th ed. 2019). As one court has noted though, the writ de homine replegiando "is an ineffective writ that has been generally superseded by the writ of habeas corpus." *Garey v. Holder*, No. 15-56, 2015 WL 13734630, at *4 (D.S.C. Feb. 13, 2015), *report and recommendation adopted*, 2016 WL 81800 (D.S.C. Jan. 7, 2016), *aff'd sub nom. Garey v. Mansukeani*, 654 F. App'x 638 (4th Cir. 2016). Accordingly, Petitioner's request for a writ de homine replegiando is denied.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, this Court will not transfer this action to the Eighth Circuit for its consideration as a request to file a second or successive § 2255 motion.[1]

---

[1] Nothing in this opinion should be construed by petitioner as preventing him from filing a request to file a second or successive § 2255 motion in the Eighth Circuit for that Court's consideration.

V.      CONCLUSION

For the foregoing reasons, Petitioner's habeas petition is summarily dismissed due to a lack of jurisdiction. An appropriate order will be entered.


DATED:  October 26, 2021                              s/ Renée Marie Bumb
                                                      RENÉE MARIE BUMB
                                                      United States District Judge